either unable or unwilling to control." *Berishaj*, 378 F.3d at 323. If the BIA finds this third element of refugee status, Ms. Niang is a refugee, and she is also entitled to a presumption for asylum purposes that she has a well-founded fear of future harm on account of her social group and a presumption for restriction-on-removal purposes that she will be persecuted in her home country on account of her social group. The BIA would therefore need to determine on remand whether the presumptions have been overcome.

### 2. Convention Against Torture

 In contrast to the presumptions applicable in asylum and restriction-on-removal proceedings, under the CAT a petitioner is not entitled to a presumption of future torture based on evidence of past torture; nor does a showing of past torture automatically render her CAT eligible. Although past torture is a relevant consideration for the IJ in assessing the likelihood of future torture, 8 C.F.R. § 1208.16(c)(3)(i), it is only one factor in the assessment. Here, our review of Ms. Niang's CAT claim is controlled by the permissible finding that she is untruthful. *See Wiransane*, 366 F.3d at 897–98. Once one discredits Ms. Niang's description of her family's attack on her and the threats of future harm from her family, one could rationally decide that she had failed to show that if she returned to Senegal she would be killed or otherwise subjected to torture. We therefore affirm the BIA's rejection of this claim.

### III. CONCLUSION

We AFFIRM the denial of relief under the CAT, REVERSE the decision of the BIA with respect to asylum and restriction on removal, and REMAND this case for further proceedings consistent with this opinion.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar HERRERA–GARCIA,**
**Defendant–Appellant.**

No. 03–2308.

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 2005.

